UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 20, 2021

LETTER TO COUNSEL

RE:   *Susan M. v. Kijakazi*
      Civil No. DLB-20-1494

Dear Counsel:

On June 5, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment. Pl.'s Mem., ECF 18; Def.'s Mem., ECF 23. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on December 14, 2016, alleging an onset date of November 14, 2014. Administrative Transcript ("Tr.") 183–86. The SSA denied her claims initially and on reconsideration. Tr. 60, 75. An Administrative Law Judge ("ALJ") held a hearing on July 15, 2019. Tr. 29–59. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10–28. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1–6; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "breast cancer; arthralgia; major depressive disorder; and post-traumatic stress disorder (PTSD)." Tr. 15. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she could occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds; frequently balance; occasionally stoop, kneel, crouch, and crawl; could have occasional exposure to extreme cold, vibration, and hazards, such as moving machinery and

>   unprotected heights; could perform simple, routine, and repetitive tasks, with no fast pace, no production rate requirements; and could have occasional interaction with co-workers and the public.

Tr. 17.  After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could not perform any of her past relevant work but could perform other jobs existing in significant numbers in the national economy.  Tr. 21–23.  Therefore, the ALJ concluded plaintiff was not disabled.  Tr. 23.

On appeal, plaintiff argues the ALJ's RFC determination and hypothetical to the VE insufficiently accounted for her moderate limitation in concentration, persistence, or pace ("CPP").  Pl.'s Mem. 10–12.  Because I cannot determine whether the ALJ's RFC determination and hypothetical are supported by substantial evidence, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

The Fourth Circuit remanded in *Mascio* for, as pertinent to this case, the inadequacy of the ALJ's RFC assessment with respect to the plaintiff's "moderate difficulties" CPP.  780 F.3d at 638.  CPP is one of four broad functional areas an ALJ must consider when evaluating a claimant's mental impairments.[1]  20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b); *see* 20 C.F.R. §§ 404.1520a, 416.920a (explaining the "special technique" for evaluating the severity of a claimant's mental impairments).  The ALJ assesses the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis."  20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2).  The ALJ then rates a claimant's degree of limitation in the four areas using a five-point scale: none, mild, moderate, marked, or extreme.  *Id*. §§ 416.920a(c)(4).  A moderate limitation signifies the claimant's "fair" abilities in the relevant functional area.  20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c).

In *Mascio*, the ALJ found the plaintiff moderately limited in CPP but confined the plaintiff's nonexertional RFC determination only to "unskilled work."  780 F.3d at 637-38.  The Fourth Circuit remanded, holding an ALJ does not summarily account for a moderate CPP limitation by restricting a claimant to "simple, routine tasks or unskilled work . . . [because] the ability to perform simple tasks differs from the ability to stay on task."  *Id*. at 638; *see Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020).  Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in CPP did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary.  *Mascio*, 780 F.3d at 638.

In this case, the ALJ found plaintiff was moderately limited in CPP:

---

[1] Three other functional areas also require assessment: (1) the ability to understand, remember, or apply information; (2) the ability to interact with others; and (3) the ability to adapt or manage oneself.  20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b) (the "paragraph B" criteria).

> With regard to concentrating, persisting, or maintaining pace, the claimant had a moderate limitation. On a function report, the claimant states she has difficulty maintaining concentration and her attention is very limited. However, she scored 26-27 points out of a possible 30 points on the Folstein Mini-Mental State Exam II, which is within normal limits.

Tr. 16 (internal citations omitted). The ALJ then determined plaintiff's RFC was limited to, as relevant here, "simple, routine, and repetitive tasks, with no fast pace, no production rate requirements." Tr. 17. Plaintiff argues, pursuant to *Mascio*, that this RFC determination does not adequately account for her moderate CPP limitation. Pl.'s Mem. 10–12. The Commissioner argues this case is distinct from *Mascio* on the grounds that the ALJ included "no fast pace, no production rate requirements" in the RFC determination. Def.'s Mem. 8–10. In making this argument, the Commissioner acknowledges caselaw in this Circuit that has held terms similar to the one at issue here frustrate appellate review and require remand for further explanation. *See Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019); *Perry v. Berryhill*, 765 F. App'x 869 (4th Cir. 2019). The Commissioner argues this case is distinct from *Thomas* and *Perry* because the VE testified as to whether that limitation precluded the jobs identified at step five that ultimately served as the basis for the denial of plaintiff's claim. *Id.* at 8–9. Further, the Commissioner argues remand is inappropriate because "the VE indicated that she understood those terms and applied them based on her expertise." *Id.* at 9. In the Commissioner's view, the ALJ's denial is consequently supported by substantial evidence. Finally, the Commissioner argues remand is unnecessary because the ALJ explained the basis of the RFC finding, although the Commissioner does not identify any portion of the record that contains a definition of those terms. *See id.* at 8–10. Because the Commissioner's arguments are without merit and I am unable to determine whether the denial of benefits is supported by substantial evidence, I remand.

In conducting substantial evidence review, courts look "to an existing administrative record and [ask] whether it contains 'sufficient evidence' to support the agency's factual *determinations*." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted) (emphasis added). Thus, agency conclusions, stated in terms cognizable to the Court, must necessarily precede full substantial evidence review. In *Thomas*, the Fourth Circuit held an ALJ's RFC assessment limiting the plaintiff to work not "requiring a production rate or demand pace" frustrated review because the Court lacked "enough information to understand what those terms mean[t]." 916 F.3d at 312. Expressing no opinion as to whether the RFC findings were correct, the Court remanded for "a clearer window into" the ALJ's reasoning. *Id.* at n.5 ("Without further explanation, we simply cannot tell whether the RFC finding . . . properly accounts for [the plaintiff's] moderate limitations in concentration, persistence, or pace. On remand, the ALJ will need to establish for how long, and under what conditions, [the plaintiff] is able to focus . . . and stay on task at a sustained rate."). And, while in *Thomas* the ALJ's utilization of the ambiguous term was one among many reasons the Court remanded, the Fourth Circuit has subsequently remanded solely for an ALJ's failure to define similar ambiguous terms in the RFC determination. *See, e.g.*, *Perry*, 765 F. App'x at 873 (remanding for an ALJ's failure to define "non-production work oriented setting").

*Susan M. v. Kijakazi*
DLB-20-1494
September 20, 2021
Page 4

The term the Commissioner argues accounts for plaintiff's CPP limitation is directly analogous to the terms the Fourth Circuit held frustrated appellate review in *Thomas* and *Perry*. The Commissioner does not argue the regulations, the DOT, or the ALJ's decision define "no fast pace, no production rate requirements." *See Thomas*, 916 F.3d at 312. The Commissioner likewise does not suggest the ALJ established "for how long, and under what conditions, [plaintiff] is able to 'focus . . . attention on work activities and stay on task at a sustained rate,'" as the Court in *Thomas* required the ALJ to find on remand. *Thomas*, 916 F.3d at 312 n.5. Because, as in *Perry*, the ALJ's utilization of "no fast pace, no production rate requirements" requires me "to guess about how [he] arrived at [his] conclusions" and creates "uncertain[ty] as to what [he] intended," remand is appropriate. *See* 765 F. App'x at 873.

The Commissioner's argument with respect to the ALJ's RFC analysis is beside the point. A federal court hearing a Social Security appeal must determine whether substantial evidence supports the ALJ's findings, and here the problem is the Court "do[es] not know what the ALJ intended when [he] used [the] phrase" "no fast pace, no production rate requirements." *Craig*, 76 F.3d at 589; *Perry*, 765 F. App'x at 872; Tr. 17. "As a result, it is difficult, if not impossible, to evaluate whether restricting" plaintiff to "no fast pace, no production rate requirements" work "properly accounted for [plaintiff's] well-documented limitations in [CPP]." *Perry*, 765 F. App'x at 872; *see* Tr. 17. The error is not a failure to discuss the evidence of record. The error is the ALJ's failure to adequately explain his conclusions about plaintiff's limitations in light of the evidence of record. *See Thomas*, 916 F.3d at 311 ("First, when evaluating Thomas's RFC, the ALJ did not sufficiently explain her *conclusions* regarding Thomas's mental impairments.") (emphasis added).

For similar reasons, the Commissioner's argument that the VE did not express confusion about the meaning of the term is not successful. The issue here is not whether the VE understood the limitation or evidenced confusion about what the ALJ meant. *See Cleta S. v.* Saul, No. CBD-19-2906, 2020 WL 6565250, at *5 (D. Md. Nov. 9, 2020). The issue is that the Court reviews decisions by the SSA for findings that are made in accordance with the relevant legal standards and supported by substantial evidence, that the ALJ's findings with respect to plaintiff's pace limitations are ambiguous, and that the Court cannot determine whether the ALJ's denial of benefits is supported by substantial evidence. Remand is therefore required.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 18, is denied, and the Commissioner's motion for summary judgment, ECF 23, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

*Susan M. v. Kijakazi*
DLB-20-1494
September 20, 2021
Page 5

     Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                                         Sincerely yours,

                                           /s/

                                         Deborah L. Boardman
                                         United States District Judge